STATE *vs.* OWEN J. RYAN.

STATE *vs.* EDWARD CARR.

Cumberland.   Opinion December 28, 1888.

*Intoxicating Liquors.   Indictment.   Nuisance.   Knowledge.*

An indictment for keeping and maintaining a common nuisance under R. S., c. 17, §§ 1 and 2, need not allege that the respondent knew the place he so kept was a common nuisance.

ON EXCEPTIONS, to the ruling of the superior court, Cumberland county.   Indictments for keeping liquor nuisances.   The respondents filed special demurrers, alleging, among other causes, that they did not allege the places were used by them, for the unlawful purpose named, or that they were so used with their knowledge and consent.   Upon joinder in the demurrers by the state, they were overruled by the court and respondents excepted.

*Frank and Larrabee*, for respondents.

We are aware that indictments in the form of this have been held sufficient, but this precise point here raised was not in issue.

Each act charged to have been committed was an act *malum prohibitum* not *malum in se*.   Each act charged to have been committed is also an act of such a character as may be done privately and without exciting public attention.   The respondent is not charged with doing any one of these acts or with permitting any one of them to be done, or with knowledge that any one of them was done.   He is charged simply with keeping a place.   It is no offense to keep a place.   He is not charged with keeping it for any unlawful purpose.   But he simply kept a place.   This place it is alleged, was used for certain unlawful purposes, not by him, or with his knowledge, consent or permission.   We submit it sets forth no criminal intent or knowledge on his part.   All that the indictment charges may be proved and yet the respondent be entirely free of blame or responsibility.

A person may keep a grocery store or even a dwelling house.

His servants may slyly sell intoxicating liquors there. It would be true that he kept the store or the dwelling and it would also be true that it was used for the illegal sale of intoxicating liquors but would it be claimed that a crime had been committed by the keeper?

Could the parsonage be indicted as a common nuisance and the parson himself imprisoned because, forsooth, he kept the parsonage and some of the servants or inmates unlawfully· sold or dispensed liquor there, he having no knowledge of such unlawful practices? And yet, if it is necessary to prove only what is alleged in this indictment, a person may be held as criminal who does only what is lawful and commendable.

We submit that, while as a general rule it is necessary to charge an offense only in the language of the statute, which creates and defines it, when a statute prescribes that certain acts make a place a criminal place, which but for those acts would not be criminal, and then prescribes a penalty for keeping such place, which but for those acts it would be lawful to keep, in order to charge such keeper with crime, knowledge of such unlawful acts should be alleged and proved against him.

*G. M. Seiders,* county attorney, for the state.

EMERY, J. These were indictments for keeping and maintaining common nuisances, under §§ 1 and 2, of c. 17, R. S. The respondents object that the indictments do not allege, that they knew the places they kept and maintained were common nuisances.

The statute does not forbid any person keeping or maintaining a tenement or place. The first section states what acts or conditions make a tenement or place a common nuisance. The second section forbids any person keeping or maintaining a common nuisance. These indictments sufficiently state the acts and conditions which made the places in question a common nuisance. They then allege that these respondents kept and maintained these nuisances—that is, that they did, or caused, or permitted the acts and conditions which made their tenements or places common nuisances. The allegation is not that the respondents owned or

occupied the tenements, but that they kept and maintained them as common nuisances.

They knew the law and what acts would make them guilty of keeping or maintaining common nuisances. These acts are in these indictments fully and directly charged against them. If the evidence should show that they did the acts charged, they could not avoid conviction by saying they did not know they were doing wrong, or were ignorant that the tenements they kept and maintained under such circumstances were common nuisances. The statute does not require the state to allege or prove knowledge of the law, knowledge on the part of the respondents, nor their knowledge that the acts and conditions charged, made their tenements common nuisances. Their knowledge of these matters is presumed. The state would not need to prove their knowledge of the unlawfulness of their conduct, and hence the indictment need not allege it.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN and HASKELL, JJ., concurred.